Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1920 | **DATE** | 6/24/2013 |
| **CASE TITLE** | Hammond vs. Kankakee School District #111 | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss for improper venue [8] is granted. The Clerk is directed to transfer this case forthwith to the Central District of Illinois. Civil case terminated. See statement section.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Albert Hammond, filed a ten-count complaint against defendants, Kankakee School District #111 ("District #111"), and its employees, Chuck Hensley and Lisa Walker, alleging violations of 42 U.S.C. § 1983, the Fourteenth Amendment, and state law causes of action premised on willful and wanton conduct, indemnity, negligent hiring, and negligent supervision and training. Presently before the court is defendants' motion to dismiss for improper venue or alternatively to transfer venue. For the reasons stated below, defendants' motion is granted and the case is transferred to the Central District of Illinois.

**I.   Background**

Hammond, a minor residing in Kankakee, Illinois, was a special education student at Kankakee Junior High School ("the School"), which was operated by District # 111. Hammond suffers from a hearing impairment, impaired vision, and neurofibromatosis. He also had a shunt placed in his head protecting his brain from fluid seepage. Hammond received medical care for the placement and care of his shunt in Chicago, Illinois. Hensley was the principal and Walker was a special education teacher at the School. Hammond received specialized instruction at the School in accord with an Individualized Education Program ("IEP"). The IEP required that School employees escort Hammond to the bathroom and supervise him while at the School.

On May 29, 2012, Walker directed Hammond to walk from her classroom to the bus room unsupervised so that he could board a school bus to take him home. While walking to the bus room, a suspended student with violent propensities who was not allowed on School grounds attacked Hammond. During the attack, the suspended student repeatedly struck Hammond in the head resulting in serious head trauma. Hammond was taken to Riverside Medical Center in Kankakee, Illinois and later transported to Children's Memorial Hospital in Chicago where he underwent brain surgery.

| STATEMENT |
|---|

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) provides for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). "In ruling on a motion to dismiss under Rule 12(b)(3), the court takes all the allegations in the complaint as true unless contradicted by the defendant's affidavit and may examine facts outside the complaint." *Interlease Aviation Investors II (ALOHA) L.L.C.* v. *Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). The plaintiff bears the burden of establishing that venue is appropriate and the court draws all reasonably inferences in his favor. *Id*. The court is "not obligated to limit its consideration to the pleadings nor convert the motion to one for summary judgment." *Cont'l Cas. Co.* v. *Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

## III. Discussion

Defendants argue that venue is improper in the Northern District of Illinois because the named defendants all reside in Kankakee County (which is located in the Central District of Illinois) and the events giving rise to the lawsuit took place in the City of Kankakee. Hammond contends that venue is appropriate in the Northern District of Illinois because his medical treatment in Chicago is intertwined with the IEP that defendants violated in letting Hammond walk unattended at the School.

Venue is proper in a judicial district where (1) any defendant resides if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Venue is clearly proper in the Central District of Illinois because all defendants are deemed to reside in Kankakee County and a substantial part of the events or omissions giving rise to the claim occurred there.[1] Hammond argues that venue is also appropriate in the Northern District of Illinois because a substantial part of the events or omissions giving rise to the claim occurred in Chicago. *See, e.g.*, *Thornton* v. *Holiday Inn*, No. 03 C 0860, 2003 WL 21976756, at *1 (N.D. Ill. Aug. 19, 2003) (transferring case to the Eastern District of Michigan where the injury giving rise to the plaintiff's tort claims arose); *Speros* v. *York*, 960 F. Supp. 156 (N.D. Ill. 1997) (dismissing and transferring the case to situs of the injury in the Middle District of Tennessee). Hammond's factual support for this argument is the medical care he received in Chicago. Medical care plaintiff received in Chicago *after* the incident could not have given rise to the claim. It's relevance goes to the damages Hammond allegedly suffered. *See, e.g.*, *Rodriguez* v. *Jones*, No. 99 C 4045, 1999 WL 965714, at *1 (N.D. Ill. Oct. 14, 1999); *Arriaga* v. *Imperial Palace, Inc.*, 252 F. Supp. 2d 380, 387–88 (S.D. Tex. 2003).

Hammond further argues that the IEP, which set forth the contours of his special educational program at the School, is intertwined with the medical treatment for his shunt, which occurred in Chicago before the attack. The School's failure to adhere to the IEP is akin to a breach of contract, argues Hammond, and the IEP's execution in Chicago make venue appropriate in the Northern District of Illinois regardless of where the breach occurred. The allegations in Hammond's complaint regarding the formation and implementation of his IEP belie his current argument. Plaintiff alleges a variety of tort and constitutional claims, not breach of contract. The facts supporting these claims occurred in Kankakee, Illinois. Accordingly, venue is improper in the Northern District of Illinois.

Although dismissal for lack of venue is warranted, the court may transfer this case in the interest of justice to a district where Hammond could have originally filed this lawsuit. *See* 28 U.S.C. § 1406(a); *In re*

| STATEMENT |
|---|
| *LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008). Accordingly, this case will be transferred to the Central District of Illinois. |

1. Defendants stated in their motion that the individual defendants reside in the Central District of Illinois and refer to declarations that were not included in their CM/ECF filings as support. Hammond did not challenge the individual defendants' domicile and thus the court accepts these representations as true for the purpose of deciding this motion. Moreover, venue is inappropriate under § 1391(b)(3) as the lawsuit could have been brought in the Central District of Illinois.